UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BART UDE, )
 )
    Plaintiff, )
 )
v. ) No. 3:12-CV-399
 ) (Phillips)
UNIVERSITY OF TENNESSEE, )
DEPARTMENT OF MECHANICAL, )
AEROSPACE AND BIOMEDICAL )
ENGINEERING OF THE UNIVERSITY )
OF TENNESSEE, KNOXVILLE, )
 )
    Defendants. )

## MEMORANDUM OPINION

Plaintiff, Bart Ude, acting *pro se*, has brought this action against the University of Tennessee for alleged violations of his civil rights under 42 U.S.C. §§ 1981, 1983, and 1985, while he was a graduate student in the University's Department of Mechanical, Aerospace and Biomedical Engineering. Plaintiff also asserts a claim for "breach of an implied contract." Defendants move the court to dismiss plaintiff's complaint because the court lacks subject matter jurisdiction over plaintiff's claims by virtue of the Eleventh Amendment to the United States Constitution. For the reasons which follow, the defendants' motion will be granted, and this action will be dismissed.

1

## I. Factual Background

The facts, taken from plaintiff's complaint are as follows: Plaintiff Bart Ude, a person of black race, was a doctoral student at the University of Tennessee (UT) pursuing a doctoral degree in Engineering Science. He was admitted by the Department of Mechanical Aerospace and Biomedical Engineering (MABE) to the Biomedical Engineering program on December 22, 2005. Ude states he took a qualifying examination which required him to obtain a majority pass vote, and he obtained two passes out of three. MABE issued him a conditional pass with the condition that he retake the part of the examination which he did not pass. Ude appealed the decision of MABE to the Graduate Council. Ude avers that while the appeal was pending, MABE wanted him to abrogate the appeal procedure and retake the examination, which he refused. Ude alleges that when he failed to abandon his appeal, defendant retaliated against him by refusing to allow him to retake the examination after the appeal and dismissing him from the Biomedical Engineering program in May 2009 without a hearing. The complaint alleges that defendants notified Ude that they met in September 2008 and voted to fail him because he did not retake the examination while the appeal was pending and voted not to allow him to retake the examination after the appeal. Ude claims MABE's action was arbitrary, capricious, intentional, deliberate, and racially motivated. Ude asserts he had a constitutionally protected right to appeal the decision of the department and express his objections to their decisions.

Defendant UT moves to dismiss plaintiff's complaint on the grounds that the court lacks subject matter jurisdiction by virtue of the Eleventh Amendment to the United

States Constitution. In response, plaintiff asks the court to strike UT's motion to dismiss on the grounds that it was untimely filed. In addition, plaintiff states that the Eleventh Amendment does not prohibit his suit because UT employees, in their official capacity, violated his Constitutional rights under the Thirteenth and Fourteenth Amendments, as well as the Civil Rights Act of 1871.

Following the filing of defendant UT"s motion to dismiss, Ude moved for leave to amend his complaint to add as additional defendants, individual members of the faculty of MABE, the Dean and Assistant Dean of the Graduate School, and the Director of the Office of Equity and Diversity of UT.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), plaintiff has the burden to establish that this court has jurisdiction over his claims. *Rogers v. Stratton Industries,* 798 F.2d 913, 915 (6th Cir. 1986). A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally

construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Analysis

**A. Motion to Strike**

Ude contends that UT's initial responsive pleading (motion to dismiss) was untimely filed and should be stricken from the record. UT responds that Ude's motion to strike is without merit, because the motion was timely filed; and in any event, the court lacks subject matter jurisdiction over plaintiff's claims by virtue of Eleventh Amendment immunity.

The record shows that Ude filed his complaint on July 31, 2012. On August 13, 2012, the Clerk issued a summons for service to "Office of General Counsel, 719 Andy Holt Tower, University of Tennessee, Knoxville, TN 37996." On August 14, 2012, the United States Marshal mailed the summons and complaint via certified mail, return receipt requested. University Mail Services received the summons and complaint on August 15, and Catherine J. Boyd, a Mail Services Supervisor, signed the receipt for the package. On August 16, 2012, University Mail Services delivered the summons and complaint to the

4

Office of the General Counsel. Therefore, service was completed on August 16, 2012. On September 6, 2012, twenty-one days after service, UT filed its motion to dismiss.

Ude asserts in his motion that UT was served on August 15, 2012, when the summons and complaint were delivered to University Mail Services. Defendant points out that University Mail Services is not an authorized agent for service of process for UT, and the proper agent for service, the Office of General Counsel, did not receive the summons and complaint until August 16, 2012.

Rule 4(j) of the Federal Rules of Civil Procedure specifies that a state can be served only by serving its chief executive officer or by serving the state "in the manner prescribed by that state's law." Tennessee law permits service "upon the state of Tennessee or any agency thereof, by delivering a copy of the summons and of the complaint to the attorney general of the state or to any attorney general." Tenn.R.Civ.P. 4.04(6). The summons and complaint were not received by UT's Office of General Counsel until August 16, 2012. UT's response to the complaint was due twenty-one days later, or on September 6, 2012, the date UT filed its motion to dismiss. Therefore, the court finds that UT's motion to dismiss was timely filed and is properly before the court. Plaintiff's motion to strike is without merit and is hereby **DENIED.** The court will next address UT's argument that Eleventh Amendment immunity bars plaintiff's claims.

**B. Motion to Dismiss**

The Eleventh Amendment provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. It is well settled and a fundamental principle of federalism that the Eleventh Amendment bars suit against a state and/or one of its agencies in federal court without its consent, waiver, or act of Congress to override immunity. *See Han v. Louisiana*, 134 U.S. 1 (1980); *Salt Lick Bancorp v. F.D.I.C.*, 187 Fed.Appx. 428, 442-43 (6th Cir. 2006). The immunity applies to agencies and/or subdivisions as long as they are an "arm of the state." *See Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005). In deciding whether an entity is an "arm of the state," the Supreme Court has considered several factors:

> (1) the state's potential liability for a judgment against the entity; (2) the language by which state statutes and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether the state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government. In discussing these factors, the Court has emphasized that the first factor – the liability of the state for a judgment – is the foremost factor, and that it is the state treasury's potential legal liability for the judgment, not whether the state treasury will pay the judgment in that case, that controls the inquiry . . . .

*Id.* at 359.

This analysis has been previously performed in past cases, and this court has repeatedly held that the University of Tennessee is an arm, and alter ego of the State of Tennessee and, as such, is entitled to the state's Eleventh Amendment immunity. *Stefanovic v. University of Tennessee*, 935 F.Supp. 944, 946 (E.D.Tenn. 1996); *Hiefner v.*

6

*University of Tennessee*, 914 F.Supp. 1513 (E.D.Tenn. 1995); *Kersavage v. University of Tennessee*, 731 F.Supp. 1327, 1329 (E.D.Tenn. 1989) ("No question is raised by the parties that the University of Tennessee is an arm of the State of Tennessee, this is now well settled law").

In the instant matter, the court finds that UT maintains absolute immunity in that UT is clearly an "arm of the state" and that no exceptions apply. Thus, the Eleventh Amendment prohibits all suits, whether for injunctive, declaratory or monetary relief, against UT and its departments. *See Thiokol Corp. v. Dept of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993); *see also Seminole Tribe v. Florida,* 517 U.S. 44, 59 (1996). The claims asserted against UT are brought under provisions of the Civil Rights Act of 1871 (42 U.S.C. §§ 1981, 1983 and 1985) and under Tennessee common law. The State of Tennessee has not waived its Eleventh Amendment protection from suit in federal court for such claims. *See Henderson v. Southwest Tennessee Community College*, 282 F.Supp.2d 804, 807 (W.D.Tenn. 2003); *Jones v. Southwest Tennessee Community College*, 2008 WL 4982742 (W.D.Tenn. Nov. 18, 2008). Moreover, in enacting the Civil Rights Act of 1871, Congress did not abrogate the states' Eleventh Amendment immunity from claims brought under that Act, whether they are based on § 1983 or § 1985. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979); *Will v. Mich. Dept of State Police,* 491 U.S. 58, 67 (1989); *Johnson v. University of Cincinnati*, 215 f.3d 561, 571 (6th Cir. 2000); *Fincher v. State of Florida*, 798 F.2d 1371 (11th Cir. 1986); *Rayyan v. Sharpe*, 2008 WL 4601427 (W.D. Mich. Oct. 15, 2008). Accordingly, the court finds that the Eleventh Amendment bars Ude's claims against UT.

## C. Motion to Amend Complaint

Plaintiff seeks to amend his complaint by adding 22 members of the faculty of MABE, along with the Dean and Assistant Dean of the Graduate School, and states that the named individuals are to be "additional defendants," averring that UT "is responsible and liable for the official actions of the above named employees/faculty of the University."

Where a response to a complaint has been filed, the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The defendants do not consent to the amendment. The Supreme Court has set forth the general standard to be used under Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit has addressed the issue of "futility" in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment. *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

It appears that the individuals plaintiff seeks to add as defendants in this case have only been sued in their official capacity. When the pleadings are silent as to the capacity in which an individual defendant is sued, the court will presume that the defendant is sued in his or her official capacity. *Green v. Cook*, 83 Fed.Appx. 99, 100 (6th cir. 2003) ("If the pleadings fail to indicate that the plaintiff intended to sue the defendant in his individual capacity, the defendant is presumptively sued in his official capacity"); *see also Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989) (inferring that individual defendants were sued in their official capacities based on characterizations in the complaint). Moreover, in an examination of Ude's proposed amended complaint, he only alludes to actions that defendants performed in the course and scope of their employment. Accordingly, the court will consider plaintiff's claims against the individual defendants in their official capacity.

As in the case of UT, the Eleventh Amendment also bars Ude's claims against the individual defendants, as they are UT officials and employees sued in their official capacity. It is well established that a cause of action against an individual in his official capacity represents an action against the entity of which that officer is an agent; thus, plaintiff's cause of action against these UT officials in their official capacity asserts impermissible actions against the State. *Stefanovic*, 935 F.Supp. at 946-47; *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity of which the official is an agent"). The proposed amended complaint adding the individual defendants would not withstand a motion to dismiss by UT since as part of the state, UT is immune

under the Eleventh Amendment. Nor would the proposed amended complaint withstand a motion to dismiss by the named officials.

Moreover, assuming *arguendo*, that Ude's pleadings could be construed as asserting a cause of action against the named defendants in their individual capacity, any such cause of action under the civil rights statutes is barred by the applicable statute of limitations. The statute of limitations for civil rights actions is governed by state law; however, federal standards govern when the statute begins to run. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for civil rights actions. *Id, citing* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Thus, Ude must bring his civil rights claims against the defendants within one year of the accrual of that action.

Ude was dismissed from the Biomedical Engineering program in May 2009, and the statute of limitations began to run at that time. However, his complaint was not filed until July 31, 2012, over three years later, and his complaint is untimely in light of the one-year statute of limitations set out in Tenn. Code Ann. § 28-3-104(a)(3). Therefore, any claim Ude attempts to bring against the named defendants in their individual capacity is barred. Accordingly, the court finds plaintiff's motion to amend his complaint without merit, and it is **DENIED.**

### IV. Conclusion

Plaintiff's motion to strike defendant's motion to dismiss [Doc. 10] and motion to amend complaint [Doc. 9] are **DENIED.** In addition, for the reasons stated above, the court finds that Ude's claims are barred by the Eleventh Amendment to the United States Constitution and/or barred by the applicable statute of limitations. Because this court lacks jurisdiction to adjudicate Ude's claims, defendant UT's motion to dismiss [Doc. 5] is **GRANTED,** whereby this action is hereby **DISMISSED in its entirety**.

All remaining motions are **DENIED AS MOOT.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge